## COMMONWEALTH *versus* Bail of PELATIAH W. GORDON.

In an action of debt on a recognizance, against a surety, the declaration alleged, that on May 19, 1832, the principal and surety entered into a recognizance before the Police Court of Boston, conditioned, that if the principal should personally appear before the Municipal Court, to answer to such matters and things as should be objected against him on behalf of the commonwealth, but more especially to the complaint of C. H. made on oath before the Police Court, on May 19, 1832, for stealing from the person of C. H. a pocket-book and its contents, of the value of $27·25, then the recognizance should be void, and that otherwise it should be in full force ; that the recognizance was in pursuance of an order of the Police Court, on the hearing of a complaint against the principal for the crime of felony, and was thereupon duly returned to the Municipal Court; that at the Municipal Court, the principal made default; that record of default was there duly made; that the recognizance was thereupon estreated and filed of record in the Court of Common Pleas, with the exemplification of the record of the Municipal Court, in order that it might be put in suit; that all these proceedings appear by the records of these courts; and that thereupon an action accrued to the commonwealth against the surety. On demurrer, because it did not appear by the declaration and the recognizance, that any process was pending in the Police Court against the principal, for any offence of which that court had jurisdiction, and that such proceedings were had as would authorize that court to take the recognizance, and because it did not appear, that the principal was brought before that court for examination or trial and put to plead to the complaint, and that he did plead thereto, and that the court had considered, that there was probable cause for believing the principal guilty of any offence of which the court had jurisdiction, and had therefore ordered him to recognize, it was *held*, that the declaration was sufficient.

THIS was an action of debt upon a recognizance.

The declaration alleges, that on May 19, 1832, Pelatiah W. Gordon, as principal, and the defendant, as surety, entered into a recognizance in the sum of $500 each, before the justices of the Police Court for the city of Boston ; that the condition of the recognizance was, that if Gordon should personally appear before the Municipal Court of the city of

Commonwealth
v.
Bail of
Gordon.

Boston on the first Monday of June next thereafter, to answer to such matters and things as should be objected against him on behalf of the commonwealth, but more especially to the complaint of Charles Hammond, made on oath before the Police Court, on May 19, 1832, for stealing from the person of Hammond one pocket-book and contents of the value of $27·25, and should do and receive that which by the Municipal Court should be then enjoined upon him, and not depart without license, then the recognizance should be void, and that otherwise it should be and abide in full force ; that the recognizance was in pursuance of an order of the Police Court, on the hearing of a complaint made against Gordon for the crime of felony, and was thereupon duly returned to the Municipal Court ; that at the Municipal Court, Gordon was duly called to appear according to the terms of the re cognizance, but did not appear but made default ; that record of default was there duly made, and that the court ordered the recognizance to be estreated and certified to the Court of Common Pleas, with the record of the default of the performance of the condition, in order that it might be put in suit in that court ; that the recognizance was thereupon estreated and filed of record in the Court of Common Pleas, with the exemplification of the record of the Municipal Court ; and that all these proceedings duly appear by the records of these several courts, and are now here, in this Court, to be produced : whereupon an action accrued to the commonwealth, to recover of the defendant the sum of $500.

To this declaration the defendant demurred, and assigned the following causes of demurrer .

1. The jurisdiction of the Police Court is not general, but special and limited ; and it does not appear by the declaration and the recognizance therein stated, that any cause or process was pending in that court against Gordon, for the commission of any offence of which that court had jurisdiction, and that such proceedings had been had therein as would authorize that court to take this recognizance.

2. It does not appear by the declaration and the recognizance, that any complaint had been made against Gordon in and before the Police Court, supported by the oath of any

person charging him with the commission of any crime of which that court had jurisdiction, and that Gordon had been brought before that court for examination or trial, and that he had been put to plead to such complaint and had pleaded guilty or not guilty, and that that court, on examination, had considered that there was probable cause for believing that Gordon was guilty of any offence of which that court had jurisdiction, and that thereupon that court had ordered him to enter into the recognizance as principal, with a surety in the like sum.

3. The declaration and recognizance do not show any sufficient cause for taking the recognizance; nor does it appear that that court had rendered any judgment against Gordon or passed any order in relation to him; nor does it appear, for what cause that court demanded the recognizance.

*S. D. Ward*, for the defendant. The recognizance should show in itself a sufficient cause for its caption, and this is not to be made out by reference to the record or by averments. *Commonwealth* v. *Daggett*, 16 Mass. R. 447; *Commonwealth* v. *Downey*, 9 Mass. R. 520. It should show, that the Police Court had jurisdiction in the case; for the jurisdiction of that court is special, and no presumption can be made in favor of its jurisdiction. *Bridge* v. *Ford*, 4 Mass. R. 642. It should state, in substance, all the proceedings which show the authority of the court to take it. *State* v. *Smith*, 2 Greenl. 62. Now, do these necessary facts appear in this recognizance? If the cause of caption appears anywhere, it is in the condition; but that is not sufficient; it should appear in the body of the recognizance; the condition is no part of the recognizance, but a mere defeasance. If it is sufficient that the necessary facts appear in the condition, then we contend, that they do not so appear here.

*Austin*, (Attorney-General,) for the commonwealth, cited *St.* 1783, c. 51; *St.* 1821, c. 109; *St.* 1799, c. 81; Dalt. Just. 399, 430, 434, 445; 4 Burn's Just. 84; *Queen* v. *Ridpath*, 10 Mod. 152; *Ex parte Williams*, 8 Price, 3; *Shuttle* v. *Wood*, 2 Salk. 564; *Phettle* v. *Wood*, 2 Ld. Raym. 966; *Rex* v. *Muilman*, Parker's Exch. R. 241; *King* v. *Ridpath*, Fortescue, 358

Common-
wealth
v.
Bail of
Gordon

*March 30th,*
1833.

Common-
wealth
*v.*
Bail of
Gordon.

*March 17th,*
834.

WILDE J. delivered the opinion of the Court. The first cause of demurrer assigned is, that it does not appear by the recognizance, that any process was pending in the Police Court against Gordon for the commission of any offence, of which the Police Court had jurisdiction, authorizing it to take the recognizance.

By the condition of the recognizance it appears, that, on the day it was taken, complaint was made against Gordon by Charles Hammond, on oath, before the Police Court, for stealing from the person of Hammond one pocket-book and contents, of the value of $27·25. This complaint is set out with sufficient certainty, and no additional averment is necessary to show that the Police Court had jurisdiction, and were authorized to hold Gordon to bail, and to bind him over to answer to the complaint.

The two remaining causes of demurrer relate to the pro ceedings before the Police Court, which, it is contended, do not appear to have been in conformity to law. It is objected, that it does not appear, that Gordon was brought before that court for examination or trial, and put to plead to the complaint, or that he did plead thereto : but, we think, it clearly appears that he was brought before that court to answer to a complaint against him, charging him with the crime of larceny, and that it was not necessary that he should have been re quired to plead formally to the complaint, although this, no doubt, is commonly done, and probably was done in the present case ; but it was not necessary in order to give validi ty to the proceedings of the Police Court. That court had no jurisdiction to try the offence, but merely to bind over the accused to answer to the charge at the proper tribunal.

It is also objected, that it does not appear, and is not averred, that the Police Court adjudicated upon the matters before them, or rendered any judgment that there was proba ble cause to believe Gordon guilty of the offence charged. It is, however, averred, that " the recognizance was in pursu ance of an order of said Police Court, on the hearing of a complaint made against said Gordon for the crime of felony." This averment, we think, is sufficient to show, that Gordon was heard on the complaint, and was thereupon ordered to

recognise for his appearance at the Municipal Court, to answer for the offence charged against him.   No further averment is necessary, to show that the proceedings of the Police Court were regular.

It is therefore the opinion of the Court, that the declaration is good and sufficient.   It sets forth the condition of the recognizance, disclosing sufficient matter to show that the Police Court had jurisdiction of the subject matter of the complaint against Gordon ; that there was a hearing upon that complaint before that court, and that thereupon Gordon was ordered to recognise and did recognise for his appearance at the Municipal Court, to answer to the complaint ; that the recognizance was duly returned to the Municipal Court ; that Gordon was at that court duly called to appear, but did not appear, but made default ; that record of the default was duly made, and that thereupon the recognizance, with the record of the default of the performance of the condition thereof, was duly estreated and certified to the Court of Common Pleas and in that court was filed of record, as the law directs.   And it is averred, that all these proceedings duly appear by the records of these several courts.   Whether they do so appear or not, is a question which cannot be determined on the present pleadings.   If the defendant would avail himself of any supposed deficiency in the records, he should set them out on oyer, or plead *nul tiel record*.

*Declaration adjudged good*